IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**STANLEY PULLIAM**                                                                                          **PLAINTIFF**

**V.**                                                                       **CIVIL ACTION NO. 3:22CV-13-MPM-DAS**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**                                                       **DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

The defendant has moved to dismiss this action because the complaint was not timely filed [Dkt. 15]. The plaintiff concedes he did not file the complaint in a timely manner but urges the court to equitably toll the statutory time limits to allow the appeal to proceed. [Dkt. 25, 26]. Since the filing of the motion to dismiss, the plaintiff requested an additional extension of time from the Appeals Council. This request, if granted, would have mooted the motion to dismiss. The Appeals Council, however, denied this request on May 1, 2023. [Dkt. 31].

## FACTS AND ANALYSIS

An administrative law judge denied Stanley Pulliam's application for disability and supplemental security income benefits on February 17, 2021. The Appeals Council issued its order denying Pulliam's request for review on August 20, 2021. Pursuant to 42 U.S.C § 405(g), a claimant seeking judicial review must file an appeal with the district court within sixty days of receipt of the Appeals Council decision. Under the agency's regulations the claimant is presumed to have received the decision within five days of its date (20 C.F.R. § 422.210), making the presumptive deadline for filing an appeal sixty-five days from the date of the decision. Social

Security regulations, however, allow its Appeal Council to grant an extension of time beyond the sixty days, even when the time has already expired, if good cause is shown.

In Pulliam's case, Larry Hakim, counsel at the administrative level and local counsel on appeal, requested an extension of time on October 1, 2021, to allow Bryan Konoski, lead counsel in this appeal, time to review the administrative record and consider representing the plaintiff on appeal. Sometime later Konoski decided to accept the case, and the attorneys intended for Konoski to handle the appeal.

On November 23, 2021, Konoski attempted to request a second extension of time. His request included notice of his representation and a letter requesting the agency send him any orders on the requests for time. The fax confirmation admittedly has an inaccurate date from 2014. Konoski, per his affidavit, personally faxed these documents on November 23, 2021. However, the Appeals Council wrote, in its order denying the post-filing request for time, that the November request was not received and is not in the claimant's electronic record.

On November 29, 2021, the Appeals Council, granted the plaintiff until January 3, 2022 to file in this court. The agency sent the order to Hakim but not Konoski. Hakim's affidavit provides he only discovered, after the defendant's moved to dismiss, that his office had received the Appeals Council order. His secretary, per the affidavit, received the Appeals Council order on January 6, 2022, put it in the file, and failed to tell Hakim about the order.[1] Though neither of the attorneys were aware of the order granting time, Konoski decided to file the complaint rather than waiting for the Appeals Council ruling. Counsel filed the complaint on January 24, 2022, three weeks after the expiration of the time granted.

---

[1] Though not decisive in this case, the January 6, 2022 date is long after the presumed date of receipt—December 4, 2021. Because Hakim has no personal knowledge of the receipt of the order and nothing in the affidavit would make his statement admissible as an exception to the hearsay rule, the regulatory presumption of receipt, not later than December 4, 2021, has not been overcome.

The plaintiff argues the time limit should be equitably tolled because of the failure to send the Appeals Council order to Konoski and because the plaintiff was seeking an additional extension of time in good faith.

### 1. Equitable Tolling

Because the United States is immune from suit unless it consents to be sued, it must be sued in accordance with the terms of its consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Nevertheless, the courts have interpreted 42 U.S.C.A. § 405(g), which sets the sixty-day limit for court appeals, as a statute of limitation, not a jurisdictional prerequisite *See Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991) (citing *Mathews v. Eldridge,* 424 U.S. 319, 328 n. 9 (1976)). But this statutory limitation serves as a vital mechanism "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York,* 476 U.S. 467, 481 (1986). Therefore, the courts only sparingly apply the doctrine. The plaintiff has the burden to provide justification for equitable tolling. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (quoting *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002)); *Wilson v. Sec'y, Dep't. of Veterans Affairs,* 65 F.3d 402, 404 (5th Cir.1995)). Thus, the court may toll the limitations period only in "exceptional circumstances." *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990).

The courts will always consider whether a plaintiff has been diligent in pursuing their rights. As the Fifth Circuit has noted "equity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). "[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 418 (2005). The courts will more likely grant relief in a case where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Veterans Administration*, 498 U.S. 89, 96 (1990). The courts are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*

In Social Security cases, the courts have allowed equitable tolling where the "plaintiff was prejudiced by the lack of (or untimely) notice to his attorney" or "if the Secretary violated his own regulations by failing to timely send notice to the attorney, at least if sufficient resultant prejudice were shown." *Flores*, 945 F.2d at 113, n. 5. However, "[i]t is only a rare social security case which will present equities strong enough to toll limitations" *Marse v. Dep't of Health & Hum. Servs.*, 999 F.2d 1579 (5th Cir. 1993) (unpublished). The "courts consider arguments for equitable tolling most convincing where both exceptional circumstances and administrative misconduct are present." *Cruces v. Colvin*, No. A-14-CA-1052-SS, 2015 WL 5685948, at *2 (W.D. Tex. Sept. 25, 2015)(holding errors arising from attorney transfers do not generally compel a court to equitably toll the limitations period).

Finally, because it has the power to extend the time limits for filing in federal court, even after the time has expired, the agency's Appeals Council, rather than the courts, in most cases, "will make the determination on whether to extend the period within which review must be sought." *Aschettino v. Sullivan*, 724 F. Supp. 1116, 1116–18 (W.D.N.Y. 1989).

Many courts have demonstrated the rarity of the court's interceding to grant additional time in Social Security cases. In *Malone v. Colvin* this court refused to allow equitable tolling where a transfer of attorneys resulted in the appeal being filed twenty-four days late. *Malone v.*

4

*Colvin*, No. 3:14CV132-SAA, 2015 WL 475953, at *3 (N.D. Miss. Feb. 5, 2015). The Eleventh Circuit found equitable tolling was not appropriate when a claimant mistakenly filed in state court, with the federal court filing coming just five days after the state court dismissed the action, and just twenty-one days after time expired. *Jackson v. Astrue*, 506 F.3d 1349 (11th Cir. 2007). In yet another case, the claimant did not receive notice of the Appeals Council decision but was not entitled to equitable tolling because he failed to update his address with the agency. *Bess v. Barnhart*, 337 F.3d 988, 988 (8th Cir. 2003).

Even in one of the more factually appealing cases, the Fifth Circuit affirmed the trial court's denial of equitable tolling. In *Marse*, 999 F.2d 1579, the claimant thought his ownership of a home disqualified him for proceeding *in forma pauperis*. Because of this mistaken belief, Marse did not ask for leave to proceed without fee, and the Clerk's office refused to file a complaint when he could only pay a partial fee. The complaint was filed just five days late. Despite the plaintiff's good faith attempt to file, equitable tolling was denied. *Marse*, 999 F.2d 1579.

Even with this small sampling of cases, it is clear the court's do not favor tolling.[2]

---

[2] *Smith v. Barnhart*, 338 F. Supp. 2d 761 (S.D. Tex. 2004) (No equitable tolling for a complaint filed ten days late, where the plaintiff claimed the SSA gave her the wrong form); *Fisher v. Astrue*, No. 3:09CV122-MPM-DAS, 2010 WL 2106955, at *1–2 (N.D. Miss. Apr. 6, 2010), *report and recommendation adopted*, No. 3:09CV122-MPM-DAS, 2010 WL 2106960 (N.D. Miss. May 25, 2010) (Complaint filed five days late was not equitably tolled, though counsel contended a two year delay by the Appeals Council made it difficult to locate the client); *ZMN by & through Woodall v. Comm'r of Soc. Sec.*, No. 4:19-CV-1-DMB-DAS, 2019 WL 5255160 (N.D. Miss. May 13, 2019), *report and recommendation adopted sub nom. ZMM by & through Woodall v. Berryhill*, No. 4:19-CV-1-DMB-DAS, 2019 WL 5213872 (N.D. Miss. Oct. 16, 2019) (*Pro se* plaintiff claimed her deadline to file her appeal was January 2, 2019, because she thought New Years Eve was either on a weekend or a legal holiday. Her mistake and being one business day late in filing would not warrant equitable tolling); *Davis v. Comm'r of Soc. Sec.*, No. 1:19-CV-41-DAS, 2020 WL 1918094 (N.D. Miss. Apr. 20, 2020) (Where the *pro se* plaintiff stated she was unaware of the court's abrupt closure of its Aberdeen courthouse, despite the absence of a "mail box" rule for filing an appeal, the court would have equitably tolled the time limit if the time for forwarding to its interim offices had been the only cause of the plaintiff's late filing. But the court found that the only correspondence mailed within the limitation period did not include a complaint and the plaintiff's

## 2. Plaintiff's Argument

The plaintiff argues that the original October time request put the agency on notice to send its order granting time to Konoski, and the second request for an extension of time at the end of November put the defendant on notice of Konoski's representation and requested a copy of any Appeals Council order be sent to Konoski. The plaintiff blames the late filing on the agency's failure to send the order extending time to Konoski. The plaintiff also urges the court to equitably toll the claim because he was seeking an extension of time in good faith.

As the defendant accurately points out in its response, the initial request for time only put the agency on notice of the possibility Konoski might later represent the plaintiff and did not include a request that any order be sent to Konoski (Dkt. 25-3 p.5). The defendant committed no error or violation of its regulations in not providing Konoski with notice of the ruling based on the October request for time.

As for the November 2021 request, the Appeals Council explains the request was never received and is not part of Pulliam's electronic file. Konoski swears he personally and timely faxed the request to the agency though admitting the fax confirmation date, February 10, 2014, is wrong. Konoski's argues the erroneous fax confirmation date predates a time when his law practice would have included contacting the Appeals Council. But this irregularity casts some doubt on whether Konoski successfully transmitted the request.

Nevertheless, the court need not determine whether the agency received the request. Even assuming the request was misplaced by Social Security, the result is the same. Crediting the Social Security's statement the request was not received, there is clearly no mistake or failure

---

complaint, on court provided forms, was dated more two weeks after the deadline, and not received by the court by mail for another thirteen days.).

6

in not sending the notice to an attorney who, so far as its records would show had not undertaken, nor been authorized by the claimant to undertake, representation in this action.

But assuming the November request was received, the representative form still designated Hakim as the agency's contact point,.[3] and thus, mailing the order to Hakim was procedurally appropriate. Any error in not honoring the request for notice to two lawyers does not excuse the late filing. The order for time was provided to one of the attorneys, and the failure to respond to that order is independent of an act or omission by the Social Security Administration.

The court has considered the cases cited by the plaintiff in support of his quest for equitable tolling and finds they are factually distinct.

In *Rivera-Gonzalez v. Astrue*, No. 8:11-CV-172-T-30EAJ, 2011 WL 2434071 (M.D. Fla. June 16, 2011), the court found a request for an extension of time weighed in favor of equitable tolling, but that case involved a single request for time and the agency's failure to respond to the request. In Pulliam's case, there is a second request for time, or perhaps a misdirected attempt to request a further extension of time. The plaintiff cannot assume a second extension would be granted. *English v. Colvin*, No. 1:14-CV-311-JCG, 2016 WL 4148391 (S.D. Miss. Aug. 4, 2016), *judgment entered,* No. 1:14-CV-311-JCG, 2016 WL 4151119 (S.D. Miss. Aug. 4, 2016).

In *Baker v. Comm'r of Social Security*, the court generously decided to apply equitable tolling to a complaint filed twenty days late, though a faxed request for time was inadvertently sent to the wrong number. But again Baker involved an initial request for an extension of time. *Baker v. Comm'r of Soc. Sec.*, No. 10-13748, 2011 WL 1598632 (E.D. Mich. Apr. 28, 2011).

---

[3] Section 3 of the representative form states; "I have appointed before, or appoint now, more than one representative. I ask SSA to make contacts or send notices to this individual. My principal representative is: Lawrence Hakim." Dkt. 25-3 p. 5.

In *Carroll v. Astrue,* the court found the *pro se* plaintiff had established good cause for equitable tolling because she asked for an extension of time in a telephone call with a Social Security representative and was told the request was being considered. *Carroll v. Astrue*, No. 3:09CV00515-PPS-CAN, 2010 WL 2133866 (N.D. Ind. May 24, 2010).

Similarly in *Sanchez v. Barnhart,* the court found the *pro se* plaintiff's failure to produce proof of the Appeals Council's actual receipt of her request for extension of time was not fatal. Sanchez requested an extension of time to file on her daughter's behalf the day after her time expired stating she had not been able to file because she was sick, out-of-state at the time the notice was delivered, no longer had representation and was pursuing a new application for the daughter. Though the agency claimed it had not received the request, the court took judicial notice that the Appeals Council routinely grants extensions of time. *Sanchez ex rel. Sanchez*, 2004 WL 1005589, at *2. Again Sanchez does not address a second request for time. The plaintiff's real problem here is not that the second request for time was not acted on, but the order on the first request for time was not communicated to counsel on its receipt.

In *Aschettino v. Sullivan*, the attorney inquired in writing about the status of requests for time and requested a duplicate of the hearing audio recording well within the sixty-day limit. The Appeals Counsel did not respond until months after the time expired. *Aschettino*, 724 F. Supp. 1116, 724 F.Supp.at 1116–18 (W.D.N.Y.1989).

In this case the breakdown was not with the Appeals Council, but with a failure to communicate within one lawyer's office, which resulted in neither attorney being aware of the extended time limits. The responsibility for that error rests with the plaintiff and not the defendant.

In *Carter v. McHugh,* a federal torts claim action, the late filing of the claims was "because of staff miscommunication with the attorney of record." *Carter v. McHugh*, 869 F. Supp. 2d 784 (W.D. Tex. 2012). In *Carter*, the attorney understood from conversations with his staff that the claim had already been filed. He filed promptly when he later found out it had not been filed. The court found this type of "attorney error or neglect" or staff error does not warrant equitable tolling. *See Granger*, 636 F.3d at 712; *see also Irwin*, 498 U.S. at 96 (holding lawyer's absence from the office was "at best a garden variety claim of excusable neglect," and thus did not warrant equitable tolling).

Both of Pulliam's attorneys argue against the significance of how the Appeals Council order was handled. Both attorneys argue local counsel's office had little reason to believe the order was of particular importance to them because Konoski had taken over the representation and their assumption Konoski would be separately notified. Regardless, this is the type of problem that can arise with attorney transfers, and those types of problems do not usually trigger tolling. *Cruces*, 2015 WL 5685948, at *2. Furthermore, Konoski's attempt to take over the representation in the Social Security records was flawed either because it was not received by the Appeals Council or because Hakim remained designated as the contact for the agency. Simply stated, the plaintiff cannot blame the agency for not providing notices to two attorneys when one indisputably received notice.

**IT IS, THEREFORE, ORDERED** that the defendant's motion to dismiss is granted and this action is dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 28th day of November, 2023.

U.S. DISTRICT COURT

9